# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Harco National Insurance Company, | Case No. 2:20-cv-01208-RFB-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| Andrew Ackerman, et al., | |
| Defendants. | |

Before the Court is plaintiff Harco National Insurance Company's ("Harco") motion to substitute party under Rule 25(a) and to extend the time for service under Rule 4. ECF No. 15. Harco represents that defendant Heather Wilson is deceased, and it therefore seeks to substitute Wilson's estate in her stead.

When a party is deceased, Rule 25(a)(1) permits the substitution "of the proper party." Here, Harco offers "Wilson's (not-yet-established) estate" as the proper party. It is axiomatic that the Court cannot substitute Wilson's estate as the proper party because that estate does not yet exist. But even if it did, the Court would deny Wilson's motion because an estate is not a person or legal entity and it cannot sue or be sued. Instead, an estate can only act or be sued through a personal representative. Harco points to no executor, administrator, or other representative through which Wilson's (not-yet-established) estate can sue or be sued. But even if it could, Harco's motion would be denied because the record lacks any indication that Harco served—in accordance with Rule 25(a)(3)'s requirements—its motion or a notice of the November 19 hearing upon the estate's representative. Therefore, Harco's motion to substitute under Rule 25(a) will be denied without prejudice.

However, Harco has established excusable neglect for its failure to meet the Rule 4(m) service requirements. Therefore, the Court will extend the time for service.

**Background**

Wilson and defendant Andrew Ackerman were involved in an automobile accident that allegedly caused Wilson to suffer personal injury.  ECF No. 1 at 2.  As a result, Wilson sued Ackerman in Nevada state court, and Harco is providing for Ackerman's defense.  *Id.* at 3.  In this Court, Harco seeks a judicial determination that Ackerman is not entitled to coverage under insurance policies that Harco issued to defendant Silver State Ford and Valley Automotive Group.  *Id.* at 4.

**Discussion**

**A. Rule 25(a) substitution**

Rule 25(a) provides that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party."  Fed. R. Civ. P. 25(a)(1).  A motion to substitute can be made "by any party or by the decedent's successor or representative."  *Id.*  The motion, "together with a notice of hearing," must be served on parties in accordance with Rule 5 and on nonparties in accordance with Rule 4.  Fed. R. Civ. P. 25(a)(3).

To resolve a motion under Rule 25(a)(1), the Court must consider three substantive requirements: (1) whether the motion is timely; (2) whether the claims pled are not extinguished; and (3) whether the person being substituted is a proper party.  *City of Colton v. Am. Promotional Events, Inc.*, 2014 WL 12740637, at *2 (C.D. Cal. Apr. 15, 2014).  If these three substantive requirements are met, and if the movant served its motion upon the proper party in accordance with Rule 25(a)(3), then the proper party steps into the shoes of the decedent.  *Id.*

Here, Harco's motion fails at the third requirement because it has not identified the proper party for substitution.  Harco seeks to substitute Wilson's not-yet-established estate in place of Wilson individually.  But an estate "is not a person or a legal entity and cannot sue or be sued." *LN Mgmt., LLC v. JPMorgan Chase Bank, N.A.*, 957 F.3d 943, 956 (9th Cir. 2020) (citing 34 C.J.S. Executors and Administrators § 847).  Instead, "an executor or administrator . . . is a proper party for substitution of a deceased party."  *City of Colton*, 2014 WL 12740637 at *3; *see also LN Mgmt.*, 957 F.3d at 956 ("the request to add an unknown, and perhaps nonexistent, executor . . . is clearly improper.").  Harco has not identified an executor, administrator, or other proper party.

If the estate has not been established, then arguably the proper party does not exist.  Thus, Harco cannot meet Rule 25(a)'s substantive requirements.

Because Harco failed to identify the proper party, Harco could not have complied with Rule 25(a)(3)'s service requirements.  Pursuant to Rule 25's plain text, Harco was required to serve its motion and a notice of hearing upon the representative of Wilson's estate.  *See* Fed. R. Civ. P. 25(a)(3).  If that representative is a party in this case, service can be made under Rule 5; if not, then service must me made under Rule 4.  *See id.*  The record lacks any indication that Harco complied with this service requirement, so its motion must be denied on this basis, too.

**B. Rule 4 service deadline**

Harco states that it would like an extension "of the time to serve its complaint on the new party once the estate is established." ECF No. 15 at 3.  However, currently only Wilson is a party to this matter, not Wilson's estate.  Harco points to no authority that would allow this Court to extend the time for service upon an individual or entity that is not yet part of this litigation (or that does not yet exist).  Thus, the Court will construe Harco's motion as one to extend the time for service upon Wilson only.[1]

Rule 4 provides that plaintiff must serve defendant "within 90 days after the complaint is filed." Fed. R. Civ. P. 4(m).  Rule 4(m) requires a two-step analysis to determine whether to extend the time for service.  *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001).  At the first step, the Court "must" extend the time for service "upon a showing of good cause." *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009).  Good cause is equated with diligence. *Townsel v. Contra Costa Cnty., Cal.*, 820 F.2d 319, 320 (9th Cir. 1987).  At the second step, the Court "may" extend the time for service "upon a showing of excusable neglect." *In re Sheehan*, 253 F.3d at 512.

Here, Harco filed its complaint on June 25, 2020, ECF No. 1, which means that the deadline for service expired on September 23, 2020.  At the first step, the Court, in its discretion,

---

[1] If, in the future, Harco seeks to extend the time for substitution of the representative of Wilson's estate, then Harco will have to brief this Court on what the legal standard is for an extension of the 90-day deadline in Rule 25(a)(1).

finds that Harco has not been diligent because it filed its motion after the expiration of the service deadline.[2]  Although Wilson's passing made service upon her impossible, Harco has not shown how Wilson's death prevented Harco from moving for relief prior to the expiration of the service deadline.  Thus, the Court moves to the second step in the Rule 4 analysis.

The Ninth Circuit has declined to articulate a specific test that a court must apply at the second step of the Rule 4(m) analysis.  *In re Sheehan*, 253 F.3d at 513.  Instead, the Ninth Circuit has emphasized that the Court's discretion at the second step is broad.  *Id.*  However, other courts have assessed the following factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith.  *Trueman v. Johnson*, 2011 WL 6721327, at *5 (D. Ariz. 2011).

Here, the Court, in its discretion, finds that Harco has established excusable neglect and the Court will therefore extend the time for service.  Regarding the first factor, the Court notes that all parties except Wilson have appeared in this case and none chose to oppose Harco's motion and assert prejudice.  The Court construes the parties' silence to mean that they will not suffer prejudice if an extension is granted.

The second factor likewise weighs in favor of an extension.  This matter has not advanced beyond the pleading stage and the Court cannot discern any adverse impact that an extension will have on the proceedings.

The third factor—the reason for the delay—also weighs in favor of an extension.  It is unclear when Wilson deceased, but Harco did attempt service upon Wilson in July and it engaged with Wilson's counsel in the state court action to determine whether Wilson would agree to waive service.  ECF No. 15 at 3.  Further, Wilson learned of Harco's passing through the process server

---

[2] Harco correctly points out that the Clerk of Court filed a notice requiring proof of service as to Wilson by October 25, 2020.  ECF No. 14.  To be clear, however, the Court is assessing Harco's motion under the September 25 deadline because the Clerk of Court did not extend the time for service under Rule 4(m).  Instead, the Clerk merely required proof by October 25, 2020, that service occurred "prior to the expiration of the limit set forth in [Rule] 4."  *Id.*

it hired to effect service upon Wilson.  Therefore, the Court finds that the reasons for the delay in service favor an extension.

Lastly, the Court believes Harco is moving in good faith for an extension, which means that the fourth factor also weighs in Harco's favor.

The relevant factors weigh in Harco's favor and the Court will therefore extend the time for service upon Wilson by 60 days. Because Wilson is deceased, Harco will in all likelihood be unable to effect service under Rule 4(m).  However, if Harco successfully moves under Rule 25(a) to substitute the proper party in Wilson's stead, then the proper party steps into the decedent's shoes.  *See Hilao v. Estate of Marcos*, 103 F.3d 762, 766 (9th Cir. 1996) (explaining that once a party substitute under Rule 25(a) "steps into the same position as the original party") (citing *Ransom v. Brennan*, 427 F.2d 513, 516 (5th Cir. 1971), *cert. denied*, 403 U.S. 904 (1971)).

## Conclusion

IT IS THEREFORE ORDERED that plaintiff's motion to extend time and substitute party (ECF No. 15) is GRANTED in part and DENIED in part.  The deadline for service upon Wilson is extended by 60 days from today's order.  The motion is otherwise denied.

IT IS FURTHER ORDERED that the November 19, 2020 hearing is VACATED.

DATED: November 17, 2020.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE