UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Harco National Insurance Company, | Case No. 2:20-cv-01208-RFB-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| Andrew Ackerman, et al., | |
| Defendants. | |

Before the Court are two motions by plaintiff Harco National Insurance Company ("Harco"). The first motion is to substitute party under Rule 25(a), which defendants oppose. ECF Nos. 28 and 30. Harco represents that defendant Heather Wilson is deceased, and it therefore seeks to substitute the administrator of Wilson's estate, Alan MacIntosh, in her place. For relief under Rule 25(a), Harco must meet three substantive requirements and one service requirement. For the reasons explained below, the Court finds that Harco meets the three substantive requirements for Rule 25(a) relief, and it rejects defendants' arguments to the contrary. However, to meet Rule 25(a)'s service requirement, Harco is required to serve its motion "together with a notice of hearing" upon the parties and MacIntosh. Harco's motion has not yet been set for hearing. Therefore, the Court will set Harco's motion for a June 4, 2021 hearing at 11:30 AM via Zoom videoconference, and it will defer a ruling on Harco's Rule 25(a) motion until after that time.

Harco's second motion is to extend the time for service. ECF No. 36. This motion will be granted because Harco has shown good cause.

**Background**

Wilson and defendant Andrew Ackerman were involved in an automobile accident that allegedly caused Wilson to suffer personal injury. ECF No. 1 at 2. As a result, Wilson sued Ackerman in Nevada state court, and Harco is providing for Ackerman's defense. *Id.* at 3. In this

Court, however, Harco seeks a judicial determination that Ackerman is not entitled to coverage under insurance policies that Harco issued to defendant Silver State Ford and Valley Automotive Group. *Id.* at 4.

Unfortunately, Wilson recently passed away from Covid-19 complications. ECF No. 28 at 1. No suggestion of death has been filed on the record.

## Discussion

### A. Rule 25(a) substitution

Rule 25(a) provides that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party." Fed. R. Civ. P. 25(a)(1). A motion to substitute can be made "by any party or by the decedent's successor or representative." *Id.* The motion, "together with a notice of hearing," must be served on parties in accordance with Rule 5 and on nonparties in accordance with Rule 4. Fed. R. Civ. P. 25(a)(3). And "[i]f the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1).

The above language gives rise to three substantive requirements under Rule 25(a)(1) and one service requirement under Rule 25(a)(3). The substantive requirements are as follows: (1) the motion must be timely; (2) the claims pled must not be extinguished; and (3) the person being substituted must be a "proper party." Fed. R. Civ. P. 25(a)(1); *City of Colton v. Am. Promotional Events, Inc.*, 2014 WL 12740637, at *2 (C.D. Cal. Apr. 15, 2014). For the service requirement, the movant must serve the Rule 25 motion "together with a notice of hearing . . . on the parties as provided in Rule 5 and on nonparties as provided in Rule 4." Fed. R. Civ. P. 25(a)(3). Once the substantive and service requirements are met, the proper party steps into the shoes of the decedent. *City of Colton*, 2014 WL 12740637 at *2.

Here, Harco meets all of the substantive requirements for substitution. Beginning with the first of Rule 25(a)(1)'s three substantive requirements: a motion is timely if "made within 90 days after service of a statement nothing the death." Fed. R. Civ. P. 25(a)(1). It follows, then, that the 90-day deadline does not begin to run unless a party has made a formal suggestion of death upon the record. *E.E.O.C. v. Timeless Investments, Inc.*, 734 F. Supp. 2d 1035, 1056 (E.D. Cal. 2010)

(citing *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994)).  Mere reference to a party's death in court proceedings or pleadings is not sufficient to trigger the 90-day deadline. *Id.* (citation omitted).  Here, no party has filed a formal suggestion of Wilson's death upon the record, which means that the 90-day deadline has not begun to run.  Therefore, Harco's motion is timely.

Harco meets the second substantive requirement, too, because its claim is not extinguished by Wilson's death.  In the underlying complaint, Harco asserts a single cause of action, and it is for declaratory relief.  Specifically, Harco seeks a judicial determination that defendant Andrew Ackerman "is not entitled to coverage" under an insurance policy issued by Harco. *See* ECF No. 1 at 2, 4.  Harco named Wilson as a defendant because she may have an interest in the outcome of the insurance coverage issue, given that she was allegedly injured in the automobile accident.  But Wilson's death did not extinguish Harco's declaratory relief claim, and there are no other claims pled in this matter.  Thus, Harco meets the second substantive requirement.

Turning to the third substantive requirement, Harco seeks to substitute a "proper party."  The "proper party" is the person who has the legal right and authority to "defend against the claims brought against the deceased party." *F.T.C. v. AMG Srvcs., Inc.*, 2014 WL 2742872, at *2 (D. Nev. June 17, 2014) (citing JAMES WM. MOORE, 6 MOORE'S FEDERAL PRACTICE § 25.12[3] (Matthew Bender 3d ed. 2006)).  In other words, the movant must show that the party to be substituted "is the successor in interest or legal representative of the decedent." *Id.* (citation omitted).

In *AMG Srvcs.* the movant sought to substitute the executor of the defendant's estate in place of the defendant. *Id.* at *1.  The court held that the movant satisfied the "proper party" requirement by proffering a document from the probate court showing that the executor of defendant's estate was the party to be substituted. *Id.*

Here, Harco has done the same.  At ECF No. 28-1 Harco submitted Letters of Special Administration showing that on December 11, 2020, the Eighth Judicial District Court issued an order appointing Alan MacIntosh as special administrator for Heather Ann Wilson's estate under NRS 140.040.  That provision of Nevada law makes clear that MacIntosh may "maintain or defend actions and other legal proceedings as a personal representative" of Wilson. *See* NRS

140.040(2)(a).  Thus, Harco meets the third and final substantive requirement because MacIntosh is the "proper party" under Nevada law to defend against Harco's claims in this matter.  Because Harco meets Rule 25(a)(1)'s three substantive requirements, the Court turns now to Rule 25(a)(3)'s service requirements.

As stated, a Rule 25 motion must be served, "together with a notice of hearing . . . on the parties as provided in Rule 5 and on nonparties as provided in Rule 4." Fed. R. Civ. P. 25(a)(3).  Apart from Wilson, there are three other defendants in this matter, and all three are represented by counsel.  The record reflects that counsel received service of Harco's motion via the Court's CM/ECF system. ECF No. 28.  This is sufficient for service upon parties under Rule 5. *See* Fed. R. Civ. P. 5(b)(1) ("If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party."); Fed. R. Civ. P. 5(b)(2)(E) (explaining that service can be made by "sending it to a registered user by filing it with the court's electronic-filing system").  The record likewise reflects that MacIntosh accepted service of Harco's motion. ECF No. 29.  This method of service is consistent with service of nonparties under Rule 4.  Therefore, Harco has served its motion in accordance with Rule 25(a)(3)'s requirements.

However, Harco has not served a notice of hearing in accordance with Rule 25(a)(3) because no hearing has been set on Harco's motion.  It appears that once a hearing is set—and once Harco demonstrates that it served notice of the hearing upon the parties as provided in Rule 5 and upon nonparties as provided in Rule 4—Rule 25(a) will be satisfied and MacIntosh will step into the shoes of Wilson.  Therefore, the Court will set Harco's motion for a June 4, 2021 hearing at 11:30 AM via Zoom videoconference, and it will defer a ruling on the substitution request until then.

Defendants Andrew Ackerman and Silver State Ford and Valley Automotive Group oppose Harco's motion to substitute. ECF No. 30.  They argue that their motion to dismiss is fully briefed and, if granted, the motion will moot Harco's Rule 25(a) motion.

The Court rejects this argument for two reasons.  First, defendants fail to cite any authority for the proposition that the filing of a dispositive motion provides a basis to deny a Rule

25(a) substitution request. Second, although defendants' dispositive motion may indeed moot Harco's Rule 25(a) request, it is not certain that defendants' motion will be granted. Therefore, these arguments are rejected and Harco's motion will come on for a June 4, 2021 hearing.

**B. Rule 4 service deadline**

Harco also moves for an extension of time for service upon Wilson and/or the administrator of Wilson's estate. ECF No. 36.

Rule 4 provides that plaintiff must serve defendant "within 90 days after the complaint is filed." Fed. R. Civ. P. 4(m). Rule 4(m) requires a two-step analysis to determine whether to extend the time for service. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). At the first step, the Court "must" extend the time for service "upon a showing of good cause." *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009). Good cause is equated with diligence. *Townsel v. Contra Costa Cnty., Cal.*, 820 F.2d 319, 320 (9th Cir. 1987). At the second step, the Court "may" extend the time for service "upon a showing of excusable neglect." *In re Sheehan*, 253 F.3d at 512.

Here, because the Court has deferred a ruling on Harco's motion for substitution, Wilson remains a party in this case. The operative deadline for service upon Wilson was January 18, 2021. ECF No. 24. Harco's request for an extension of time is timely because it was filed before the January 18 deadline. Harco cannot effect service upon Wilson because Wilson is deceased, and Harco has been diligently pursuing the substitution of the "proper party" in Wilson's place. Because Harco's motion is timely, and because the inability to serve Wilson is outside of Harco's control, the Court in its discretion finds that Harco has been diligent and that there exists good cause for an extension of the service deadline. Therefore, the deadline for service upon Wilson is extended up to and including July 5, 2021 (i.e., 30 days after the hearing on Harco's motion for substitution). If Harco's motion for substitution is granted at the June 4 hearing, then MacIntosh steps into Wilson's shoes, and Harco may satisfy the Rule 4(m) service requirements by effecting service of the complaint upon MacIntosh.

**Conclusion**

IT IS THEREFORE ORDERED that a hearing on Harco's motion for substitution (ECF No. 28) is set for June 4, 2021, at 11:30 AM in LV courtroom 3B by Zoom videoconference before Magistrate Judge Brenda Weksler. To receive a Zoom invitation, counsel must contact courtroom administrator Jeff Miller at jeff_miller@nvd.uscourts.gov no later than noon on the day prior to the hearing and no sooner than one week prior to the hearing.

IT IS FURTHER ORDERED that Harco must serve a copy of this order upon the parties in this case in accordance with Rule 5 and upon nonparties in accordance with Rule 4. This order shall serve as notice of the June 4, 2021 hearing.

IT IS FURTHER ORDERED that Harco's motion to extend the time for service (ECF No. 36) is GRANTED. The deadline for service upon Wilson is extended up to and including July 5, 2021.

DATED: April 23, 2021.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE