# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Harco National Insurance Company, | Case No. 2:20-cv-01208-RFB-BNW |
| Plaintiff, | |
| v. | **Order re [28]** |
| Andrew Ackerman, et al., | |
| Defendants. | |

Before the Court is plaintiff Harco National Insurance Company's renewed motion to Substitute Party. ECF No. 28. Defendants Andrew Ackerman, Silver State Ford, and Valley Automotive Group oppose. ECF No. 30. Plaintiff replied at ECF No. 31.

Harco seeks to substitute the administrator of Wilson's estate in place of Wilson. The Court had previously denied plaintiff's request and explained that plaintiff had not identified the proper party for substitution. ECF No. 24 at 2–3. Plaintiff has since cured this deficiency. As a result, the Court will grant plaintiff's motion. Further, the Court vacates tomorrow's hearing because it finds that plaintiff's motion is fit for resolution without oral argument. *See* LR 78-1 ("All motions may be considered and decided with or without a hearing.").

## **Analysis**

Rule 25(a) provides that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party." Fed. R. Civ. P. 25(a)(1). A motion to substitute can be made "by any party or by the decedent's successor or representative." *Id*. The motion, "together with a notice of hearing," must be served on parties in accordance with Rule 5 and on nonparties in accordance with Rule 4. Fed. R. Civ. P. 25(a)(3).

To resolve a motion under Rule 25(a)(1), the Court must consider three substantive requirements: (1) whether the motion is timely; (2) whether the claims pled are not extinguished;

1    and (3) whether the person being substituted is a proper party. *City of Colton v. Am. Promotional Events, Inc.*, 2014 WL 12740637, at *2 (C.D. Cal. Apr. 15, 2014). If these three substantive requirements are met, and if the movant served its motion and notice of hearing upon the proper party in accordance with Rule 25(a)(3), then the proper party steps into the shoes of the decedent. *Id*.

Plaintiff has met all requirements under the rule. First, the motion is timely. A Rule 25(a) motion must be "made within 90 days after service of a statement noting the death," otherwise the action by or against the decedent must be dismissed. Fed. R. Civ. P. 25(a)(1). Here, no suggestion of death has been filed in this action and, therefore, the 90-day time limitation has not been triggered. *Gilmore v. Lockard*, 936 F.3d 857, 865 (9th Cir. 2019).

As to the second requirement, the claims pled are not extinguished. Wilson is not bringing any claims in *this* case. Rather, she was named as a party because she may have an interest in the outcome of the salient insurance coverage issues, given her status as the plaintiff in the underlying tort action in state court. In other words, Wilson's death has no bearing on the substantive adjudication of the issues in this action, and there is no "extinguishment" that would preclude the substitution of the special administrator of her estate as a party.

As to the third requirement, Alan MacIntosh was appointed as special administrator of Wilson's estate. ECF No. 28-1. Under Rule 25(a), "an executor or administrator . . . is a proper party for substitution of a deceased party," *City of Colton*, 2014 WL 12740637 at *3, so MacIntosh is a proper party to be substituted in place of Wilson for purposes of this action.

Accordingly, Harco has met the three substantive requirements.  Further, MacIntosh accepted personal service of the motion several months ago, and he chose not to respond. ECF No. 29.  Later, MacIntosh again accepted service of the motion, together with the Court's order setting Harco's motion for hearing. ECF No. 40. An acceptance of service is consistent with service under Rule 4. *See* Fed. R. Civ. P. 4(e)(2)(A).  Therefore, Harco served its motion, "together with a notice of hearing," on nonparty MacIntosh "as provided in Rule 4." *See* Fed. R. Civ. P. 25(a)(3).

As stated, Harco's motion is opposed by defendants Andrew Ackerman, Silver State Ford, and Valley Automotive Group. ECF No. 30. The defendants' response focuses on Harco's request to extend the time for service. *Id.* at 2. However, the Court has already considered these arguments, rejected these arguments, and extended the time for service on the basis of good cause. ECF No. 37. To the extent these defendants assert these prior arguments against Harco's substitution request, these arguments are again rejected because Harco has met the procedural and substantive requirements for substitution. Further, the filing of a dispositive motion is not—at least in this context—a basis to deny a Rule 25(a) motion, particularly where the substitution of Wilson's estate in Wilson's stead will have no bearing on the substance of the defendants' dispositive motion.

## **Conclusion**

**IT IS THEREFORE ORDERED** that plaintiff's motion (ECF No. 28) is GRANTED. The Clerk of Court is kindly directed to detach and separately docket ECF No. 28-2 as an amended complaint.

**IT IS FURTHER ORDERED** that the June 4, 2021 hearing is VACATED.

DATED: June 3, 2021.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE